UNITED STATES OF AMERICA
FOR THE DISTRICT OF MASSACHUSETTS

_____

| | | |
|---|---|---|
| Tara McCrohan | ) | |
| By assignment on behalf of | ) | |
| Massachusetts Coalition of Police, | ) | |
| Local #123, | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| Sandulli Grace, P.C., John Becker, | ) | |
| And the Massachusetts Coalition of Police | ) | |
| *Defendants* | ) | |

_____ )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Parties

1. The plaintiff, Tara McCrohan, brings these claims, as assigned to her by contract by and for the Uxbridge Massachusetts Coalition of Police, Local #123.  Ms. McCrohan resides in the state of Florida.

2. Sandulli Grace, P.C. is a professional corporation engaged in the practice of law with a principal office located in Boston, Massachusetts.

3. John Becker is an individual engaged in the practice of law with a principal office located in Boston, Massachusetts.

4. The Massachusetts Coalition of Police is an unincorporated entity engaged in the business of a labor union, with a principal office located in Worcester, Massachusetts.

Jurisdiction

5. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §1332 because the

   plaintiff is from the state of Florida, all defendants are from the Commonwealth of

   Massachusetts, and the amount in controversy exceeds seventy five thousand

   ($75,000.00) dollars.

Venue

6. Venue is proper in the middle district of Massachusetts pursuant to 28 U.S.C. §1391

   because the nexus of events giving rise to the cause of action occurred in Worcester

   County, Massachusetts.

Facts

7. On March 30, 2015, the plaintiff, Tara McCrohan, obtained a judgment against the

   Uxbridge Local, #123 ("THE LOCAL") in the amount of approximately six hundred, fifty

   thousand ($650,000.00) in a civil action brought before this Court.

8. The basis of the lawsuit was the publication of a "Vote-of-No-Confidence" letter in

   which the Local made false and defamatory statements about Ms. McCrohan, causing

   her intense emotional distress and other injuries.

9. After extensive post-trial litigation, the parties executed a settlement agreement in

   which, amongst other good and valuable consideration, the Local lawfully assigned all

claims, and authority to prosecute such claims, as described below, it has against the defendants in the instant action.

10.  John Becker and Sandulli Grace, P.C. represented the Local in the underlying litigation. And attorney-client relationship existed between them.  As such, Mr. Becker and Sandulli Grace, P.C. owed the Local a duty of fiduciary loyalty and a duty to perform such legal services and owed a duty to perform those services to the degree of care and skill exercised by an ordinary and reasonably prudent attorney at that time.

11. Payment for the legal services was made by The Massachusetts Coalition of Police ("MASSCOP").

12. MASSCOP was a long-time client of both Sandulli Grace, P.C., and Mr. Becker.

13. At no time did the Local waive or consent to any actual, perceived, or potential conflicts between itself and MASSCOP.  At no time was the Local ever advised that any such conflicts existed or could arise in the future.

14.  During the initial consultation between the Local and the attorneys, the Local, through its officers, revealed that MASSCOP, through its business agent, had ratified the publication of the letter.

15. Specifically, the President and Vice-President of the Local asked the business agent to review and approve the letter prior to publication.  The business agent replied by saying "you can publish this if you think it will work in removing the Chief from office."

16. The business agent also advised them to consult with MASSCOP's legal counsel, Sandulli Grace, P.C.

17. The attorneys did not respond to the Local's request for legal advice regarding the publication of the letter.

18. After McCrohan filed suit, the Local, and two individual officers, requested that MASSCOP defend and indemnify them.  MASSCOP originally denied the request.

19. However, a Sandulli Grace attorney intervened in order to explain the circumstances, as described above, regarding the ratification in the letter.  MASSCOP then agreed to defend and, upon information and belief, indemnify the Local.

20. That information would have led a reasonably prudent attorney to conclude that the Local could bring third party claims for indemnity and or contribution against MASSCOP.

21. That information would have led a reasonably prudent attorney to recognize the potential conflict of interest(s) that existed between the parties, including, but not limited to:

   a. The direct adverse conflict between Sandulli Grace, P.C., and the Local when the Local had requested legal advice prior to publication of the letter, no legal advice was provided, and the ultimate publication of the letter resulted in litigation;

   b. The direct adverse conflict that existed between the Local and MassCOP by virtue of the Local's belief that MASSCOP had ratified the letter prior to publication;

   c. The potential conflict(s) that could arise from representing one client when such representation is paid for by a third-party.

22. However, the Local was never advised of such conflicts and never knowingly consented to proceed despite the existence of those conflicts.  More importantly, as a matter of law, such conflicts cannot be consented to.

23. The Local was never advised that claims could be brought against MASSCOP and never made a knowing or intentional decision not to bring such claims.

24. No such claim was ever filed.

25. McCrohan sent discovery requests to Mr. Becker in which she sought documents that would have allowed her to discover if MASSCOP had, in fact, ratified the letter and/or taken part in the publication of defamatory statements about her.

26. Mr. Becker never produced such documents, although such documents were later discovered to exist during post-verdict litigation.

27. During the course of the litigation MASSCOP, not the Local, exercised complete and total control over the conduct of the attorneys.   By way of example and not limitation, the Local requested that a different attorney be assigned for trial.  The attorney himself made the same request citing, as a basis therefor, that he had never tried a case before and agreed with the Local that trial counsel would be necessary and prudent. Nonetheless, MASSCOP refused the request.

28. The Local and its members, all police officers, were never advised that its members could be held personally liable for a verdict rendered against it until after a jury rendered a verdict against it.

29. After the jury verdict, Mr. Becker filed a Notice of Appeal and let the appeal be dismissed for lack of prosecution.  However, he sent written correspondence to the

Local that misrepresented the status of the appeal and led the Local's officers to believe

that the appeal was being prosecuted.  Mr. Becker later advised the Local that the

appeal had been abandoned at the direction of MASSCOP.

30. After the appeal was abandoned and Ms. McCrohan took steps to collect the judgment,

Mr. Becker advised the Local that he could no longer represent it or its members.

Specifically, he told them that any attorney representing them should take action to

seek contribution and/or indemnification from MASSCOP.  He told them that he could

not do so because MASSCOP was his client.

31. On or about September 16, 2015 Mr. Becker filed his Motion to Withdraw, over the

objection of the Local.

32. At that time, Mr. Becker did not advise the Local that, even after the verdict, it had a

right to file a claim for right of contribution under M.G.L. c. 231B or that such a claim

must be filed within one year after the entry of the judgment or, in other words, no later

than March 29, 2016.

33. McCrohan sent post-judgment discovery requests to MASSCOP seeking all

correspondence related to the underlying litigation.  MASSCOP originally refused to

produce correspondence between the Local, Sandulli, and MASSCOP based on a joint

representation theory of the attorney-client privilege.

34. This Court entered an Order allowing Mr. Becker's Motion to Withdraw on February 4,

2016.

35. At that time, Mr. Becker did not advise the Local that, even after the verdict, it had a

right to file a claim for right of contribution under M.G.L. c. 231B or that such a claim

must be filed within one year after the entry of the judgment or, in other words, no later than March 29, 2016.

36.  The Local took reasonable steps to find an attorney willing to represent them, with little or no chance of compensation, in the midst of the dire circumstances created by attorney Becker's abandonment.

37. On March 14, 2016, more than one month after Mr. Becker withdrew from the case and less than two weeks before the Local's right to file a claim for contribution expired, MASSCOP, through counsel, abandoned its claim that it was jointly represented by Sandulli Grace and Mr. Becker.  They continued to withhold all correspondence between Sandulli and MASSCOP related to the underlying litigation, but did produce all of the Local's correspondence with Sandulli without notice to, or consent from, the Local while the Local was unrepresented by counsel.

38. Neither MASSCOP, nor its counsel, provided the Local with a copy of the correspondence and documentation that had been produced to the Plaintiff.

39. Those documents produced on March 14, 2016 revealed for the first time that the Local had a claim for contribution to assert against MASSCOP.

40.  On March 17, 2016 a new attorney entered an appearance on behalf of the Local.  He immediately requested the entire client file from Sandulli Grace.  Sandulli Grace refused to provide it and referred him to MASSCOP's counsel.

41. As a result, the Local was never aware of the evidentiary basis for a claim of contribution, or that its privileged correspondence with its attorney had been turned

over to an adverse party, until after McCrohan filed a Motion to Compel on April 2,

2016, several days after the statute of limitations for such a claim expired.

42. As a result of the negligence and intentional torts of the defendants, the Local refused

to settle the case prior to trial without any knowledge or understanding of the legal risks

of doing so and lost valuable claims it had against MASSCOP, which any reasonably

prudent and loyal attorney would have diligently prosecuted.

### Count I- Legal Malpractice

43.  Plaintiff incorporates all prior paragraphs by reference as if fully stated herein.

44. This is a claim by the plaintiff against John Becker.

45. The defendant, Mr. John Becker, owed the plaintiff a duty to maintain loyalty to it at all

times and to practice law in a reasonably prudent and competent manner.

46. The defendant breached that duty.

47. As a result, the plaintiff has suffered and continues to suffer harm.

### Count II – Legal Malpractice

48. Plaintiff incorporates all prior paragraphs by reference as if fully stated herein.

49. This is a claim by the plaintiff against Sandulli Grace, P.C..

50. The defendant, Sandulli Grace, P.C., by and through its partners, associates, and other

attorneys, owed the plaintiff a duty to maintain loyalty to it at all times and to practice

law in a reasonably prudent and competent manner.

51. The defendant breached that duty.

52. As a result, the plaintiff has suffered and continues to suffer harm.

### Count III – Vicarious Liability

53. Plaintiff incorporates all prior paragraphs by reference as if fully stated herein.

54. This is a claim by the plaintiff against Sandulli Grace, P.C.

55. The defendant, Sandulli Grace, P.C., was, at all times relevant to this complaint, Mr. Becker's employment.

56. Mr. Becker was, at all times, acting within the scope of his employment at under the direction and control of Sandulli Grace, P.C.

57. As a result, Sandulli Grace, P.C., is vicariously liable for the harms caused by its employee.

<u>Count IV – Unfair and Deceptive Practices in Violation of M.G.L. C. 93A, The Consumer Protection Statute</u>

58. Plaintiff incorporates all prior paragraphs by reference as if fully stated herein.

59. This is a claim by the plaintiff against Sandulli Grace, P.C., and John Becker.

60. The defendants, Mr. Becker and Sandulli Grace, P.C., did engage in intentional, wanton, reckless, unfair, and deceitful practices against their clients including, but not limited to,

    a. Allowing a third-party to control important decisions regarding the Local's rights and interests at trial;

    b. Violating attorney-client privilege,

    c. Intentionally shielding another client, MASSCOP, from harm at the expense of the Local;

    d. Failing to disclose conflicts of interest;

    e. Misrepresenting the status of post-trial litigation matters;

f.  Failing to advise the Local of the short, one year statute of limitations for filing a claim of contribution;

g.  Systematically preventing the Local from obtaining the evidence it needed to be aware of the claim for contribution until after the statute of limitations had expired.

61. The plaintiff has complied with all statutory conditions precedent to this claim, and the defendants have unreasonably refused to make an offer of settlement.

62. The conduct of the defendants entitles the plaintiff to treble damages, attorney's fees, and costs.

<u>Count V – Breach of Contract</u>

63. Plaintiff incorporates all prior paragraphs by reference as if fully stated herein.

64. This is a claim by the plaintiff against MASSCOP.

65. The Local and Masscop did enter an enforceable contract in which MASSCOP agreed to retain counsel for the purpose of defending the Local in a lawsuit brought against it by Tara McCrohan.

66. The implied covenant of good faith and fair dealing applies in this contract, as it does in all contracts in the Commonwealth.

67. Masscop breached the covenant of good faith and fair dealing by hiring its own lawyer to represent the Local, instead of independent counsel, and then exercising control and dominion over the performance of that lawyer in order to protect its own interests at the expense of the Local's.

68. As a result, the plaintiff has suffered and continues to suffer harm.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all claims set forth herein.

Respectfully submitted by counsel,
For the Plaintiff,

**/s/ John T. Martin**
John T. Martin
BBO # 676344
One Exchange Place, 2nd Level
Worcester, MA 01609
Ph:      617-720-8447
F:         774-823-3495
jmartin@kjclawfirm.com